ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Blanchard's Contracting, LLC | )  ASBCA No. 62508 |
| | ) |
| Under Contract No. N40080-19-C-2026 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Quentin W. Blanchard
                                                                          President/CEO

APPEARANCES FOR THE GOVERNMENT:     Craig D. Jensen, Esq.
                                                                                   Navy Chief Trial Attorney
                                                                               Daniel J. Monahan, Esq.
                                                                                   Senior Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL

The government moves to dismiss this appeal in part because appellant did not submit certain issues to the contracting officer that it has raised at the Board. The Board grants the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The parties entered into the above-referenced design-build contract in the amount of $523,513.60 on June 25, 2019. It required appellant, Blanchard's Contracting, LLC (Blanchard), to furnish relocatable buildings. As modified, the contract provided for completion by July 31, 2020. (R4, tab 3 at 1, tab 4 at 1, 6, 49, tab 18)

2. On April 17, 2020, Blanchard submitted a claim to the contracting officer (CO) in the amount of $73,304. It contended that the government had delayed the project from June 25 to October 22, 2019, or 119 days, at a rate of $616 per day. (R4, tab 20) The claim does not explain why Blanchard contends it was delayed, other than to state that the government did not issue a notice to proceed.

3. The CO denied the claim on May 6, 2020. She professed not to understand what the claim was about. She observed that the period for which Blanchard claims to have been delayed corresponded almost exactly with the design phase of the project (which she said Blanchard completed on October 17, 2019). She stated that Blanchard's project manager was "heavily involved" in this process and that "[w]e never received any concern." The CO determined that the Navy had not delayed the project but that Blanchard subsequently caused 138 days of delay due to problems with its heating,

ventilation, and air conditioning (HVAC) design between October 30, 2019, and March 16, 2020.  (R4, tab 21)

4.  Blanchard filed a timely appeal on May 9, 2020.

5.  On August 12, 2020, Blanchard filed a motion for summary judgment.  It stated in the motion that it had attached an amended claim at tab 9 to the motion (mot. at 2).  The amended claim repeated Blanchard's demand for the $73,304 sought in the original claim.  In addition, it sought $50,000 for meeting with government officials and producing drawings (the "drawing claim").  It further sought $173,712 for delay from October 23, 2019 (the day after the first delay claim ended) to the revised completion date of July 31, 2020 (the "second delay claim").  (Mot., tab 9)  The motion states:  "the delays were caused by internal government issues relating to changes the end user require [sic] e.g. HVAC Upgrades, Electrical Upgrades, additional research for cubical layout additional requirements and increased requirement regarding number of personnel the new room will accommodate . . ." and references modification A00001, which extended the contract completion date from March 20 to July 31, 2020 (mot. at 2).

6.  The Board conducted a status conference on September 24, 2020.  A memorandum of the conference call authored by the previous judge stated that the Board would hold Blanchard's summary judgment motion in abeyance until appellant had conducted sufficient discovery to support the motion.  The Board also directed Blanchard to file a chronological list of events that reflect the government actions that delayed its performance.

7.  On October 7, 2020, the Navy filed a motion to dismiss for lack of jurisdiction Blanchard's drawing claim and the second delay claim because, it contends, Blanchard never submitted these issues to the CO in a claim.

8.  Blanchard filed a response to the motion on October 9, 2020.  It did not dispute the Navy's contention that neither the drawing claim nor the second delay claim had been submitted to the CO.  However, it contended without elaboration that the claim(s) is "related" to the initial claim (app. resp. at 1), but it is not clear if it makes this contention with respect to just the second delay claim or the drawing claim as well.  The response contains a chronological list as the Board ordered during the September 24 status conference but it is not illuminating as to the specific government actions that caused delays.  The closest it gets is a reference to tab B-4 to its response, which it describes as "Government Changes that delayed the project are field changing the contract" (app. resp. at 4).  Tab B-4 contains a potpourri of documents (emails, letters, subcontractor change order requests, requests for information, drawings), on a variety of issues (for example, fire alarms, electrical issues, and cuts to walls), many of which are internal to appellant and its subcontractors.  However, due to the absence of a clear narrative

2

explaining how these events delayed the project, appellant's position with respect to the specific causes of either the first or second delay claim remains unclear.

<u>DECISION</u>

The Contract Disputes Act (CDA) provides that "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). For the Board to possess jurisdiction under the CDA, "the contractor must submit a proper claim—a written demand that includes (1) adequate notice of the basis and amount of a claim and (2) a request for a final decision." *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010). In addition, the contractor must have received the CO's final decision, or a deemed denial, on that claim. *Id.* A contractor who has appealed to the Board may increase the amount of its claim but may not pursue new claims not presented to the CO. *Santa Fe Engineers, Inc. v. United States*, 818 F.2d 856, 858 (Fed. Cir. 1987).

The Court of Appeals for the Federal Circuit has stated that two claims may be considered the "same" for CDA jurisdictional purposes if "they arise from the same operative facts, claim essentially the same relief, and merely assert differing legal theories for that recovery." *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003). In *Scott Timber*, the Federal Circuit characterized the claim submitted to the CO and the claim the plaintiff pursued in court as presenting "slightly different legal theories" but held that they could be treated as the same claim for jurisdictional purposes. *Scott Timber*, 333 F.3d at 1366.

More recently, the Federal Circuit has held that "we should treat requests as involving separate claims if they *either* request different remedies (whether monetary or non-monetary) *or* assert grounds that are materially different from each other factually or legally." *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015) (emphasis by the Court). Similarly, in *Lee's Ford Dock, Inc. v. Secretary of the Army*, the Court of Appeals held that a "claim is new when it 'present[s] a materially different factual or legal theory' of relief." 865 F.3d 1361, 1369 (Fed. Cir. 2017) (quoting *K-Con*, 778 F.3d at 1006). In *Lee's Ford*, the Court held that the Board lacked jurisdiction when the contractor had presented to the CO a claim for reformation based on mutual mistake and frustration of purpose but at the Board had pursued a claim for knowing misrepresentation by nondisclosure. *Id.* at 1369-70. The Federal Circuit has also emphasized that this rule is not so rigid that a party is precluded from adding factual details or legal argumentation in the course of litigating the claim. *K-Con,* 778 F.3d at 1006.

Applying this test to the current matter, we conclude that appellant's drawing claim is clearly a new claim because it is not a delay claim but rather a claim for additional or changed work that arises from operative facts involving creation of drawings (SOF ¶ 5) that were not presented to the contracting officer. *E.g.*, *Santa Fe*

3

*Engineers*, 818 F.2d at 859 (contractor that had presented claim to CO for impact costs related to three change orders could not pursue a claim at the Board for "total job disruption" due to the collective nature of all the changes on the project). The drawing claim is dismissed for lack of jurisdiction.

With respect to delay, the government states in its brief that "the factual and legal underpinnings of Appellant's April 17, 2020 claim are not clear," but it has not moved to dismiss that first delay claim (mot. at 3). Because the Navy has not moved to dismiss, the Board will not address that claim.

With respect to the second delay claim, Blanchard apparently contends that the basis for that delay claim is "HVAC Upgrades, Electrical Upgrades, additional research for cubical layout additional requirements and increased requirement regarding number of personnel the new room will accommodate" (SOF ¶ 5). None of these assertions were brought to the attention of the CO in a claim and, as a result, she never had the opportunity to consider them and resolve them prior to litigation. They also involve a different period of time than the submitted claim. Accordingly, the Board lacks jurisdiction to consider the second delay claim. 41 U.S.C. § 7103 (a)(1); *K-Con*, 778 F.3d at 1006; *Maropakis*, 609 F.3d at 1328.

## CONCLUSION

The government's motion is granted. The drawing claim and the second delay claim are dismissed for lack of jurisdiction.

Dated: February 22, 2021

Michael N. O'Connell

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62508, Appeal of Blanchard's Contracting, LLC, rendered in conformance with the Board's Charter.

Dated: February 23, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5